# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 31642721**
**Date Processed: 06/17/2025**

| | |
|---|---|
| **Primary Contact:** | Nykema R Alexander<br>Delhaize America<br>2110 Executive Dr<br>Salisbury, NC 28147-9007 |
| **Electronic copy provided to:** | Michelle Powell<br>Denise Moore |

| | |
|---|---|
| **Entity:** | Giant of Maryland, LLC<br>Entity ID Number  2111205 |
| **Entity Served:** | Giant of Maryland, LLC |
| **Title of Action:** | Donnell Davis vs. Giant Of Maryland, LLC |
| **Matter Name/ID:** | Donnell Davis vs. Giant Of Maryland, LLC (17475727) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Superior Court, DC |
| **Case/Reference No:** | 2025-CAB-003701 |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 06/16/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Migliaccio & Rathod LLP<br>202-470-3520 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

11816898.1.1-23

**USPS CERTIFIED MAIL**



9214 8901 4298 0420 0974 21

*CERTIFIED MAIL*

Migliaccio & Rathod LLP
412 H St. NE
Washington D.C. DC 20002



0011816898000011
GIANT OF MARYLAND, LLC
Corporation Service Company
1156 15th Street NW, Suite 605
Washington DC 20005
USA

eFiled
6/10/2025 2:27:56 PM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **DONNELL DAVIS**<br>C/O Migliaccio & Rathod LLP<br>412 H Street NE, Ste. 302<br>Washington, D.C. 20002<br><br>*Plaintiff,*<br><br>v.<br><br>**GIANT OF MARYLAND, LLC**<br>830 Professional Place, Suite 115<br>Landover, MD 20785<br><br>*Serve on:* Corporation Service Co.<br>1156 15th St. NW<br>Washington, D.C. 20005<br><br>*Defendant.* | Case No.    2025-CAB-003701<br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

This is a wage-and-hour collective action brought by Plaintiff Donnell Davis against his former employer, Defendant Giant of Maryland, LLC ("Defendant" or "Giant"), which operates numerous grocery stores throughout the District of Columbia. Plaintiff, a shelf-stocking clerk, alleges that Giant failed to pay wages for all hours worked through systemic time-shaving practices and failing to pay overtime rates in accordance with District law. Plaintiff brings this collective action to recover such restitution and damages due under the D.C. Wage Payment and Collection Law ("WPCL"), D.C. Code § 32-1301, *et seq.*, and D.C. Minimum Wage Revision Act ("MWRA"), D.C. Code § 32-1001, *et seq.*

### PARTIES

1.    Plaintiff Donnell Davis is a resident of the District of Columbia.

2.    Defendant Giant of Maryland, LLC is a Maryland corporation whose business

address is 830 Professional Place, Suite 115, Landover, MD 20785. Giant transacts business in the

District by operating seven grocery stores in the city.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action under D.C. Code §§ 11-921 and 13-423.

4.     Venue is proper in this Court because the acts giving rise to this action occurred in

the District.

## FACTUAL ALLEGATIONS

**A. Plaintiff's employment with Giant.**

5.     Giant operates seven grocery stores in the District of Columbia, which includes a

store in the District's Shaw neighborhood, located at 1400 7th Street NW.[1]

6.     Plaintiff worked for Giant at the Shaw location as a clerk from March 2024 through

February 2025.

7.     Plaintiff primarily worked night shifts, where his job responsibilities involved

unloading goods from delivery vehicles and stocking store shelves.

8.     Plaintiff was hired at an hourly wage of $18.75/hour.

9.     Giant employs at least 50 store clerks at the Shaw location, and hundreds more at

its other grocery stores in the District.

**B. Giant's time rounding practices failed to compensate Plaintiff for all hours worked.**

10.     Giant employees, including Plaintiff, are assigned a weekly shift schedule that

typically requires them to report and leave work at the top of the hour. For example, Plaintiff

typically worked an 8-hour daily shift five days a week Wednesday through Sunday, which

generally began at 12:00AM and ended at 8:00AM.

---

[1] https://stores.giantfood.com/dc/washington.

11.     Employees are required to clock-in and clock-out when they report and leave work for their assigned shifts, which is done through an electronic timekeeping system (the "Time Clock"). At the Shaw location, there is only one electronic timekeeping kiosk at which employees can clock-in and clock-out.

12.     The Time Clock records clock-ins and clock-outs to the minute.

13.     Employees' pre-assigned shifts are integrated into the Time Clock. Giant has configured the Time Clock to prevent employees from clocking in more than two minutes before their shift starts.

14.     While the Time Clock records employees' time to the minute, for purposes of employee pay, Giant systemically rounds time in one-fourth hourly increments. For example, the smallest hourly increment on which Plaintiff was paid for hours worked according to his pay stubs was 0.25.

15.     Giant's practice of rounding time for purposes of employee pay has the effect of consistently failing to pay Plaintiff and similarly situated employees for all hours worked.

16.     For example, Plaintiff frequently was forced to clock out several minutes after his shift technically ended due to completing work-related tasks. These tasks included removing and storing protective equipment that Giant provided him to perform his job duties, which included knee pads, a back brace, gloves, and a box cutter. Further adding to the delay in clocking out was the fact that there was often a line of employees waiting to both clock-in and clock-out at the Shaw location's single timekeeping device in the mornings when Plaintiff's shift ended. As a result, Plaintiff rarely clocked at the top of the hour when his shift was technically supposed to end and would clock out at "non-round" times, such as 8:06AM and 8:12AM.

3

17.     In addition, around the summer of 2024, Giant implemented a policy requiring clerks like Plaintiff to undergo a bag check with a supervisor prior to clocking out of their shifts and leaving work. Giant implemented this policy for its own benefit to address concerns that employees were stealing goods from the store.

18.     This policy was inefficiently implemented, as it required employees like Plaintiff to locate a supervisor to conduct the bag check at the end of their shifts on an *ad hoc* basis—a process that could take anywhere between 10-20 minutes on a given day.

19.     Giant's bag check policy further caused Plaintiff to routinely clock out at non-round times after his shift ended.

20.     Giant's practice of rounding time for pay purposes had the effect of consistently failing to compensate employees properly for time worked after their shift technically ended, where they performed compensable work such as completing work tasks wrapping up their shifts and complying with Giant's bag check policy.

21.     Put another way, the hours worked reported on Plaintiff's pay stubs were consistently lower than the actual hours worked that he logged in the Time Clock. Indeed, because Plaintiff and similarly situated employees routinely clocked out after their assigned shifts ended, Giant's rounding practices consistently failed to compensate them for such post-shift work performed.

**C. Giant engaged in additional time-shaving practices.**

22.     Plaintiff also experienced affirmative time-shaving practices during his tenure where his hours reported on his pay stub did not accurately reflect his hours worked.

4

23.     On information and belief, Plaintiff's hours worked that he initially logged in the Time Clock were affirmatively reduced by Giant managers or by way of some other timekeeping error.

24.     Plaintiff is in his 30s and has a flexible schedule—and as a result, prioritized working overtime to maximize his earnings.

25.     As a member of the sparingly-staffed night crew, overtime work was almost always available during Plaintiff's tenure at Giant on any given daily shift. Toward the end of Plaintiff's shift, it was the norm for overtime to be offered to employees who wanted it, as there almost always remained shelves to stock and tasks to complete.

26.     Plaintiff, as a matter of practice, almost always sought to work at least one overtime hour in excess of his regularly scheduled 8-hour daily shifts. As a result, Plaintiff, consistently worked between 44 and 45 hours in a workweek.

27.     As a result of Plaintiff's consistent practice of working at least 44-hour workweeks, he began noticing when his pay stubs reported hours short of what he actually worked. For example, the following October 17, 2024 pay stub[2] reports only 41.5 hours worked in the workweek—this total is inaccurate, as Plaintiff worked hours in excess of that total for which he was not compensated. The inaccuracy of the October 17, 2024 pay stub is further demonstrated by the fact that it reports only 6.75 hours worked on Sunday, even though Plaintiff worked his full 8-hour shift on that day and as a general matter, almost always completed his regularly scheduled 8-hour shifts in full.

---

[2] Personally identifiable information in Plaintiff's pay stubs have been redacted. *See* SCR-Civil 5, Comment to 2006 Amendments.



**Earnings Statement**

| | | | |
|---|---|---|---|
| Employee ID: | 020893209 | | |
| | Page 001 of 001 | | |
| Period Beg/End: | 10/06/2024 - 10/12/2024 | | |
| Check Date: | 10/17/2024 | | |
| Check Number: | 0037275953 | | |
| Batch Number: | 000000006292 | | |

PAYROLL ADMINISTRATOR
ADUSA Services, LLC
2110 Executive Dr.
Salisbury, NC 28147

EMPLOYEE ADDRESS:
Giant of Maryland LLC
8301 Professional Pl Ste 115
Landover MD 20785

DONNELL DAVIS

0376 0111 WASHINGTON DC
Position Title: U
For inquiries on this statement please call: 866-789-4748.
Total Hours Worked:
Basis of Pay:        Hrly Wkly
Pay Rate:            17.5000

| Earnings | Rate | Hours/Units | This Period | Year-to-Date |
|---|---|---|---|---|
| Regular | | | | 684.00 |
| SUN PREM1 | 18.7500 | 6.75 | 126.57 | 3,179.66 |
| SUN OT | | | | 2,119.62 |
| Holiday | | | | 67.50 |
| REG NIGH1 | 18.7500 | 32.00 | 600.00 | 19,844.73 |
| REG OTW1 | 28.7800 | 3.00 | 86.34 | 1,120.17 |
| HOL NITE | | | | 318.37 |
| HOL OT | | | | 60.41 |
| Gross Pay | | | 812.91 | 27,610.40 |

| | | | |
|---|---|---|---|
| Tax Deductions | | | |
| FED Withholding Tax | | 59.60 | 1,868.57 |
| Social Security Tax | | 50.40 | 1,711.84 |
| Medicare Tax | | 11.79 | 400.35 |
| DC Withholding Tax | | 45.15 | 1,524.38 |
| Tax Deduction Total | | 166.74 | 5,525.14 |

| | | | |
|---|---|---|---|
| Taxable Wage Summary | | | |
| Federal Wages | | 812.91 | 27,610.40 |
| Social security | | 812.91 | 27,610.40 |
| Medicare Wages | | 812.91 | 27,610.40 |
| DC Taxables | | 812.91 | 27,610.40 |

| Other Deductions | This Period | Year-to-Date |
|---|---|---|
| Total | 0.00 | 0.00 |
| Post-Tax Deductions | | |
| Union Dues | 16.00 | 525.65 |
| Total | 16.00 | 525.65 |
| Net Pay | 631.17 | 21,517.59 |
| Net Check | 631.17 | |

Accrual Summary
| Description | Balance |
|---|---|
| Sick | 37.00 |
| Vacation | 0.00 |
| Holiday | 10.00 |

Global ID:    8000279050
Reference:    1000438017

* Refer to accrual rules in PTO policy

28.     Another concrete example of time-shaving occurred on February 2, 2025, a Sunday. On that day, Plaintiff completed his regular 8-hour shift that ran from 12:00AM-8:00AM. He then worked an additional 3.5 overtime hours and attempted to clock out at 11:30am, but found that the Time Clock was broken. As a result, he sent a text message to his supervisor to document his hours, stating that he "couldn't clock out" and "finished [his shift] at 11:30." A screenshot of this text, with its corroborating time stamp, is provided below.

Sunday, Feb 2 · 11:40 AM

I couldn't clock out I
finished at 11:30

Ok

6

29.     For this Sunday shift, Plaintiff worked 11.5 hours in total. However, his pay stub for this pay period reported that he only worked 9 hours on that Sunday shift, as shown in the screenshot below. As a result of this time-shaving, Giant failed to pay Plaintiff for 2.5 hours for this particular shift.



30.     These two examples are demonstrative of a broader pattern where Giant's affirmative time-shaving practices repeatedly failed to compensate Plaintiff and similarly situated employees for all hours worked.

**D. Giant failed to pay Plaintiff the statutorily-mandated overtime rate.**

31.     The MWRA requires employers to pay an overtime rate of 1.5 times the employee's regular rate for hours worked in excess of 40 in a workweek. *See* D.C. Code § 32-1003(c).

32.     Giant failed to properly pay Plaintiff 1.5 times his regular rate for hours worked in excess of 40 in a workweek. The following September 26, 2024 pay stub provides just one example of this failing.

11816808.1.9-23

```
CO:                          008100-007823          Earnings Statement
ZBV.
A0081_U211                                          Employee ID:      020893209
2376-011: WASHINGTON DC                             Period Beg End:   Page 001 of 001
Giant Of Maryland LLC                               Check Date:       09/15/2024 - 09/21/2024
2110 Executive Dr.                                  Check Number:     09/26/2024
Salisbury, NC  28147                                Batch Number:     0037293006
                                                                      000000006172

                                                    DONNELL DAVIS

Position Title:GF-Clerk (U)
For inquiries on this statement please call: 866-789-4748
Total Hours Worked:   41.75
Basis of Pay:         Hrly
Pay Rate:             17.5000
```

| Earnings | Rate | Hours/Units | This Period | Year-to-Date | | Other Deductions | This Period | Year-to-Date |
|---|---|---|---|---|---|---|---|---|
| Regular | | | | 884.00 | | Total | 0.00 | 0.00 |
| SUN PREM1 | 18.7500 | 8.25 | 195.69 | 2,744.40 | | | | |
| SUN OTW1 | 26.8700 | 0.75 | 20.15 | 2,112.60 | | Post-Tax Deductions | | |
| Holiday | | | | 87.50 | | Union Dues | 13.07 | 483.59 |
| REG REGHW1 | 18.7500 | 31.75 | 595.32 | 18,194.23 | | Total | 13.07 | 483.59 |
| REG OTW1 | 28.7500 | 1.00 | 28.75 | 976.51 | | | | |
| HOL NHTE | | | | 318.31 | | Net Pay | 622.76 | 19,771.64 |
| HOL OT | | | | 69.11 | | | | |
| Gross Pay | | | 798.91 | 25,378.66 | | Net Check | 622.76 | |

```
Tax Deductions:                                     Accrual Summary
FED Withholding Tax     57.72    1,735.20            Description              Balance
Social Security Tax     49.51    1,573.47            Sick                     34.00
Medicare Tax            11.59      367.59            Vacation                 0.00
DC Withholding Tax      44.24    1,401.67            Holiday                  10.00
Tax Deduction Total    163.06    5,078.13

Taxable Wage Summary                                Global ID:    0000279658
Federal Wages          798.91   25,378.66           Reference:    1900423033
Social Security        798.91   25,378.66
Medicare Wages         798.91   25,378.66           * Refer to accrual rules in PTO policy
DC Taxables            798.91   25,378.66
```

33.     According to this pay stub, Plaintiff worked 41.75 hours total in this workweek, for a total of 1.75 overtime hours. As Plaintiff's regular rate was $18.75/hour, applying the 1.5x premium results in an overtime rate of $28.125. As a result, Plaintiff's overtime wages for this pay period should have been: 1.75 (overtime hours) * $28.125 (overtime rate) = **$49.22**.

34.     However, Giant undercompensated Plaintiff by only paying him **$48.90** for his overtime hours during this pay period. This under-compensation is due to the fact that Giant applied an impermissibly low overtime rate for Plaintiff's Sunday hours of $26.87, which reflects a 1.43x premium on top of Plaintiff's regular rate. (Note that while this pay stub disaggregates Plaintiff's rate for Sunday and non-Sunday work, his hourly rate is the same ($18.75/hour) regardless of the day he worked).

8

35.     Giant's non-compliant overtime premium for Sunday hours is not offset by its slightly higher premium for non-Sunday hours, which at $28.75/hour, reflects a 1.53x premium. The net effect of applying both premiums results in an overtime payment below than what Plaintiff is entitled to under the MWRA.

36.     Giant caused injury to Plaintiff and similarly situated employees by repeatedly failing to pay them their overtime rates as they are entitled to under District law.

## COLLECTIVE ACTION ALLEGATIONS

37.     Pursuant to D.C. Code § 32-1308(a)(1)(C)(iii), Plaintiff seeks to prosecute his WPCL and MWRA claims as a Collective Action on behalf of all similarly situated persons who were employed by Defendant in the District of Columbia during the Collective Action Period, defined as three years prior to the filing of this Complaint through the present. Plaintiff's consent to join form is appended hereto as Exhibit A.

38.     As used herein, the term "Collective" includes the following defined collectives:

    a. **Time-Shaving Collective:** "All current and former Giant hourly employees who were not paid for all hours worked, as measured by comparing their hours worked logged in the Time Clock with hours worked reported on their pay stubs during the Collective Action Period."

    b. **Overtime Collective:** "All current and former Giant hourly employees who were not paid a rate 1.5 times their regular rate for hours worked over 40 in a workweek during the Collective Action Period."

39.     Plaintiff and Collective Members are "similarly situated" as that term is used D.C. Code § 32-1308(a)(1)(C)(iii), because, among other things, all such individuals worked pursuant to Defendant's above described pay policies and practices and, as a result of such policies and

practices, were not compensated for all hours worked as required by the WPCL and were not paid

correct overtime rates as required by the MWRA.

40.    Resolution of this action requires inquiry into common facts, including, among other things, Defendant's rounding practices in timekeeping and payment of wages for hours worked, policies and practices relating to management's ability to modify employee time records, and policies and practices relating to calculation of overtime rates.

41.    These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant was required to maintain pursuant to the WPCL and MWRA.

42.    Conditional certification of this case as a collective action pursuant to D.C. Code § 32-1308(a)(1)(C)(iii) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for owed compensation, liquidated damages and/or interest, and attorneys' fees and costs under the WPCL and MWRA.

43.    There are many similarly situated current and former employees who have not been paid wages in violation of the MWRA and WPCL and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to D.C. Code § 32-1308(a)(1)(C)(iii).

44.    Pursuant to D.C. Code § 32-1308(a)(1)(C)(v), Plaintiff is authorized to pursue his claims "[i]nitially as a collective action . . . and subsequently as a class action."

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY WAGES IN VIOLATION OF WPCL

45.    Plaintiff re-alleges the foregoing paragraphs of this Complaint as if fully set forth herein.

10

46.     Defendant is an "employer" that employed Plaintiff and the Collective members as "employees" as defined by the WPCL. D.C. Code § 32-1301(1B), (2).

47.     Defendant engaged in time-shaving practices, as detailed in Sections B-C, *infra*, that failed to compensate Plaintiff and Collective members for hours worked after their scheduled shifts by rounding off time to the end of their scheduled shift and/or affirmatively reducing Plaintiff and Collective members' time records of hours worked. Such hours worked were compensable under the WPCL, as Plaintiff and Collective members were suffered or permitted to work during this time and their work performed was for the benefit of Defendant.

48.     Defendant's time-shaving practices violate the WPCL's requirement that employers "shall pay all wages earned" to their employees. D.C. Code § 32-1302.

49.     Plaintiff and Collective members were injured by Defendant's time-shaving practices and were entitled under the WPCL to be paid their wages—i.e., their regular rate—for all hours worked. D.C. Code § 32-1302.

50.     Plaintiff seeks to recover on behalf of himself and Collective members all authorized relief provided for in the WPCL, including back wages, liquidated damages equal to treble the amount of unpaid wages, statutory penalties, injunctive relief, and reasonable attorneys' fees and costs. D.C. Code § 32-1308(a)(1)(A).

**COUNT II: FAILURE TO PAY OVERTIME RATE IN VIOLATION OF MWRA**

51.     Plaintiff re-alleges the foregoing paragraphs of this Complaint as if fully set forth herein.

52.     Defendant is an "employer" that employed Plaintiff and the Collective members as "employees" as defined by the MWRA. D.C. Code § 32-1002(1A), (2), (3).

11

53.     Defendant's failure to pay overtime rates of 1.5 times Plaintiff and Collective members' regular rates for hours worked in excess of 40 in a workweek violates D.C. Code § 32-1003(c).

54.     Plaintiff brings this count for violations of the MWRA under the WPCL, which authorizes "persons aggrieved by a violation of [] the Minimum Wage Revision Act" to bring civil actions for violations of the MWRA and WPCL. D.C. Code § 32-1308(a)(1)(A).

55.     Plaintiff seeks to recover all authorized relief provided for in the MWRA and WPCL, including the payment of back wages, liquidated damages equal to treble the amount of unpaid wages, statutory penalties, injunctive relief, and reasonable attorneys' fees and costs. D.C. Code § 32-1308(a)(1)(A); D.C. Code § 32-1012.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a.     An order designating this action as a WPCL and MWRA collective action on behalf of Plaintiff and the Collective and prompt issuance of notice pursuant to D.C. Code § 32-1308(a)(1)(C)(iii), (v) to all similarly situated members of the Collective, apprising them of the pendency of this action, and permitting them to assert timely WPCL and MWRA claims in this action by filing individual Consents to Join pursuant to D.C. Code § 32-1308(a)(1)(C)(iii), (v);

b.     An order certifying the proposed Collective action and appointing Plaintiff and his counsel to represent the Collective;

c.     An award to Plaintiff and the Collective in the amount of actual damages in the form of unpaid wages and liquidated damages for violations of the WPCL and MWRA, in an amount to be proven at trial;

      d.     An award of statutory penalties to Plaintiff and the Collective for violations of the

WPCL and MWRA, in an amount to be proven at trial;

      e.     An award of costs and reasonable attorneys fees;

      f.     An order enjoining the unlawful conduct alleged herein; and

      g.     Such other further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury in this action.

Respectfully submitted,

Date: June 10, 2025

*/s/ Randolph T. Chen*
Randolph T. Chen [1032644]
Jason S. Rathod [1000882]
Nicholas A. Migliaccio [484366]
**MIGLIACCIO & RATHOD LLP**
412 H St., NE, Suite 302
Washington, D.C. 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
rchen@classlawdc.com

*Counsel for Plaintiff*

13



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

DONNELL DAVIS
                                         Plaintiff

                    vs.

                                                        Case Number    2025-CAB-003701

GIANT OF MARYLAND, LLC
                                         Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Randolph T. Chen
_____
Name of Plaintiff's Attorney
Migliaccio & Rathod LLP, 412 H St., NE, Ste 302
Washington D.C. 20002
_____
Address

202-470-3520
_____
Telephone

*Clerk of the Court*

By _____
                                    Deputy Clerk

Date _____    June 10, 2025

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주세요.        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                        Super. Ct. Civ. R. 4

11816898.7.16-23

# EXHIBIT A

## CONSENT TO BECOME PARTY PLAINTIFF IN COLLECTIVE ACTION
## UNDER THE D.C. WAGE PAYMENT & COLLECTION LAW,
## D.C. CODE § 32-1308(a)(1)(C)(v)

1.    I consent to be a party plaintiff in a lawsuit against Giant of Maryland LLC and/or related entities and individuals in order to seek redress for violations of the D.C. Wage Payment & Collection Law, pursuant to D.C. Code § 32-1308(a)(1)(C)(v), and under the D.C. Minimum Wage Revision Act and related D.C. wage theft statutes.

2.    By signing and returning this consent form, I designate the attorneys at Migliaccio & Rathod LLP, 412 H Street N.E., Suite 302, Washington D.C. 20002, and any other lawyers they choose to associate with to represent me in this case.

3.  I also consent to join any separate or subsequent action to assert my claim against Giant of Maryland LLC, and/or related entities and individuals potentially liable to the extent the attorneys believe it is necessary to successfully prosecute my claim.

Donnell Davis
_____

Full Legal Name (please PRINT clearly)

_____          06/09/2025
Signature                                                          Date

████████████████████████
Street Address (with apartment number, if applicable)

███████████████
City, State, Zip Code

███████████               ███████████
Home Phone Number          Cell Phone Number

██████████████
Email Address (we will use this as our primary method to contact you)

███████████               ████████████
Emergency Contact Name          Emergency Contact Phone Number
(in case we lose contact with you)

# Superior Court of the District of Columbia

CIVIL DIVISION – CIVIL ACTIONS BRANCH

## INFORMATION SHEET

DONNELL DAVIS
_____
Plaintiff(s)

vs

GIANT OF MARYLAND, LLC
_____
Defendant(s)

Case Number: _____

Date: 06/10/2025

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| **Name:** *(Please Print)* <br> Randolph T. Chen | **Relationship to Lawsuit** |
| **Firm Name:** <br> Migliaccio & Rathod LLP | ☑ Attorney for Plaintiff |
| **Telephone No.:**    **DC Bar No.:** <br> (202) 470-3520    1032644 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE:    Non-Jury     6 Person Jury     ☑ 12 Person Jury

Demand: $_____     Other: Believed in excess of $10,000

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar #:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**CONTRACT**
- ☐ Breach of Contract
- ☐ Breach of Warranty
- ☐ Condo/Homeowner Assn. Fees
- ☐ Contract Enforcement
- ☐ Negotiable Instrument

**COLLECTION/INS. SUB**
- ☐ Debt Collection
- ☐ Insurance Subrogation
- ☐ Motion/Application for Judgment by Confession
- ☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- ☐ Breach of Contract
- ☐ Discrimination
- ☑ Wage Claim
- ☐ Whistle Blower
- ☐ Wrongful Termination

**REAL PROPERTY**
- ☐ Condo/Homeowner Assn. Foreclosure
- ☐ Declaratory Judgment
- ☐ Drug Related Nuisance Abatement
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Interpleader
- ☐ Other
- ☐ Quiet Title
- ☐ Specific Performance

- ☐ **FRIENDLY SUIT**
- ☐ **HOUSING CODE REGULATIONS**
- ☐ **QUI TAM**
- ☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
- ☐ Administrative Search Warrant
- ☐ App. for Entry of Jgt. Defaulted Compensation Benefits
- ☐ Enter Administrative Order as Judgment
- ☐ Libel of Information
- ☐ Master Meter
- ☐ Petition Other

- ☐ Release Mechanics Lien
- ☐ Request for Subpoena

**MALPRACTICE**
- ☐ Medical – Other
- ☐ Wrongful Death

**AGENCY APPEAL**
- ☐ Dangerous Animal Determination
- ☐ DCPS Residency Appeal
- ☐ Merit Personnel Act (OEA)
- ☐ Merit Personnel Act (OHR)
- ☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

| | |
|---|---|
| **CIVIL ASSET FORFEITURE** | **TORT** |
| ☐ Currency | ☐ Abuse of Process |
| ☐ Other | ☐ Assault/Battery |
| ☐ Real Property | ☐ Conversion |
| ☐ Vehicle | ☐ False Arrest/Malicious Prosecution |
| **NAME CHANGE/VITAL RECORD AMENDMENT** | ☐ Libel/Slander/Defamation |
| ☐ Birth Certificate Amendment | ☐ Personal Injury |
| ☐ Death Certificate Amendment | ☐ Toxic Mass |
| ☐ Gender Amendment | ☐ Wrongful Death (Non-Medical Malpractice) |
| ☐ Name Change | |

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil

☐ Product Liability
☐ Request for Liquidation
☐ Writ of Replevin
☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
☐ Asbestos

**MORTGAGE FORECLOSURE**
☐ Non-Residential
☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
☐ Tax Sale Annual
☐ Tax Sale Bid Off

**VEHICLE**
☐ Personal Injury
☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

_____    06/10/2025
Filer/Attorney's Signature                    Date

CV-496/February 2023

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **DONNELL DAVIS,** <br><br> *Plaintiff,* <br><br> v. <br><br> **GIANT OF MARYLAND, LLC,** <br><br> *Defendant.* | Case No. 2025-CAB-003701 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, through undersigned counsel, requests Defendant Giant of Maryland, LLC ("Giant") respond to the interrogatories and requests for production below pursuant to D.C. Superior Court Rules of Civil Procedure 33 and 34.

Plaintiff requests Giant answer and respond to each discovery request within the time permitted by the Superior Court Rules of Civil Procedure, and that Giant produce for inspection and copying the documents requested below to Randolph Chen, either by email to rchen@classlawdc.com or by mail to Migliaccio & Rathod, LLP, 412 H ST. NE, Suite 302, Washington, DC 20002.

### INSTRUCTIONS

1. These requests require supplemental or amended responses to the extent required by the D.C. Superior Court Rules of Civil Procedure. These requests shall be deemed continuing requests for supplemental responses, so as to require additional responses if you obtain further information after the time responses are served and before the time of trial of this action.

2. Unless otherwise stated, all document requests pertain to the time period three years prior to the filing of the Complaint in this action through the present.

3. With respect to any document that Giant refuses to produce based on a privilege objection, provide a privilege log that identifies the document's (1) date, (2) sender and recipients, (3) subject, (4) type or nature (*e.g.*, letter, email, memorandum, etc.), and (5) the basis for the objection.

### DEFINITIONS

1. "District Stores" means all grocery stores operated by Giant in the District of Columbia.

2. "District Employee" means all hourly employees employed by Giant at a District Store.

1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents related to Giant's corporate structure and organization, such as Articles of Organization and Bylaws.

2.    Documents sufficient to identify Giant managers whose job responsibilities related to processing, maintaining, or recording hours worked by District Employees and the payment of wages.

3.    Documents sufficient to identify the addresses of all District Stores.

4.    Documents sufficient to identify Giant's payroll processing software or third-party payroll processing vendor, if applicable, relating to paying wages to District Employees.

5.    Documents sufficient to identify any shift-scheduling software Giant utilizes to schedule work shifts for District Employees.

6.    Documents sufficient to identify any timekeeping software (the "Time Clock") utilized by Giant for the purposes of recording time worked by District Employees, such as software that allows employees to clock-in and clock-out of their shifts.

7.    Documents, such as an employee roster, sufficient to identify the following information for all District Employees employed by Giant at District Stores: (a) name, (b) address, (c) contact information, such as telephone number and/or email address, and (d) job title.

8.    For District Employees, all payroll records (such as pay stubs) relating to wage payments made by Giant to the employee, which should include at least the following information: (a) the date of the wage payment, (b) the pay period, (c) the rate of pay (including regular and overtime rates, if applicable), (d) hours worked for the workweek, (e) gross and net wages paid, and (f) deductions and additions to wages, if any. To the extent such records are available in an Excel spreadsheet or comma-separated values ("CSV") format, it should be produced in such a format.

9.    For District Employees, all time shift records that identify the date and time-start and time-end of shifts where the employee was scheduled to perform work. To the extent such records are available in an Excel spreadsheet or CSV format, it should be produced in such a format.

10.    For District Employees, all Time Clock records that identify the dates and times the employee clocked-in and clocked-out to perform work for Giant. To the extent such records are available in an Excel spreadsheet or CSV format, it should be produced in such a format.

11.    Documents sufficient to identify all policies and practices related to employee screening or "bag-checking" at the beginning or conclusion of an employee's shift, and the time period and District Stores where such policies and practices were implemented.

12.    Documents sufficient to identify all policies and practices related to time-rounding maintained by Giant for purposes of processing employees' hours worked for hourly payment

purposes, and the time period and District Stores where such policies and practices were implemented.

13.     Documents sufficient to identify all policies and practices related to the circumstances and processes by which Giant managers can modify or change the hours worked as logged in the Time Clock by a District Employee.

14.     Documents sufficient to identify all modifications or changes made by Giant managers to hours worked by District Employees. To the extent such records are available in an Excel spreadsheet or CSV format, it should be produced in such a format.

15.     All complaints received by Giant from District Employees regarding the payment of wages, and Giant's response thereto.

16.     All versions of employment handbooks or manuals maintained by Giant.

17.     All contracts entered into between Giant and District Employees. To the extent contracts are substantially similar across employees, a production of representative contract(s) that identify the representative contract's operative date is acceptable.

18.     All insurance policies that relate to the subject matter of this lawsuit.

## INTERROGATORIES

1.     Identify the names and job titles of Giant managers whose job responsibilities related to processing, maintaining, or recording hours worked by District Employees and the payment of wages. To the extent the Giant manager was based at a particular District Store, the response should also identify the District Store where the Giant manager was based.

2.     Describe in detail all policies and practices related to employee screening or "bag-checking" at the beginning or conclusion of an employee's shift. Such description should include the time period and District Stores where such policies and practices were implemented.

3.     Describe in detail all policies and practices related to time-rounding maintained by Giant for purposes of processing employees' hours worked for hourly payment purposes. Such description should include the time period and District Stores where such policies and practices were implemented.

4.     Describe in detail all policies and practices related to the circumstances and processes by which Giant managers can modify or change the hours worked as logged in the Time Clock by a District Employee.

Respectfully submitted,

Date: June 11, 2025

/s/ Randolph T. Chen
Randolph T. Chen [1032644]

3

Jason S. Rathod [1000882]
Nicholas A. Migliaccio [484366]
412 H St., NE, Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
rchen@classlawdc.com

*Counsel for Plaintiff*

**CERTIFIED MAIL**™

FIRST-CLASS MAIL
U.S. POSTAGE AND
FEES PAID
ETTERSTREAM

**CPU**



U.S. POSTAGE IMI
$10.06
FCMF    RDC 99
Orig: 85260
Dest: 20005
06/11/25
2000052320

WED 11 JUN 2025
WVAZ PDC 850 ZIP