**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DONNELL DAVIS,

      *Plaintiff*,

    v.

GIANT OF MARYLAND, LLC,

      *Defendant*.

Civil Action No. 25-02282 (AHA)

**<u>Memorandum Opinion and Order</u>**

Donnell Davis sues his former employer, Giant of Maryland, LLC, alleging it did not pay him for all the hours he worked and did not pay him enough overtime, in violation of the D.C. Wage Payment and Collection Law and the D.C. Minimum Wage Revision Act, respectively. Giant moves for partial judgment on the pleadings, arguing Davis's overtime claim is preempted by the federal Labor Management Relations Act. The court denies the motion and allows the claim to proceed.

## I.    Background[1]

Davis worked as a shelf-stocking clerk at a Giant grocery store from March 2024 through February 2025. ECF No. 1-1 at 4; *id.* ¶ 6. According to the complaint, Giant did not pay Davis for all the hours he worked, consistently recording less time than Davis spent on the job. *Id.* ¶¶ 10–30. Davis also alleges Giant failed to pay him 1.5 times his regular rate when he worked overtime. *Id.* ¶¶ 32–35.

---

[1]   As required on a motion for judgment on the pleadings, the court "will accept as true the allegations" in the complaint and "accord the benefit of all reasonable inferences" to Davis. *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987).

Davis sued Giant in D.C. Superior Court, and Giant removed the case to this court. ECF No. 1. Davis's first count asserts that Giant's failure to pay him for hours he worked violates the D.C. Wage Payment and Collection Law. *See* D.C. Code § 32-1302. Davis's second count asserts that Giant's failure to pay him overtime at 1.5 times his regular rate violates the D.C. Minimum Wage Revision Act. *See* D.C. Code § 32-1003(c). Giant filed an answer and now moves for judgment on the pleadings as to the second count, about overtime pay, under Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 14.

## II.     Discussion

The federal rules allow a party to move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). The moving party "shoulders a heavy burden of justification" and must show "that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Dist. No. 1 v. Liberty Mar. Corp.*, 933 F.3d 751, 760 (D.C. Cir. 2019) (quotation marks omitted). In evaluating that question, the court accepts the other party's well-pled allegations as true and draws all reasonable inferences in their favor. *Id.* at 761.

Giant argues it is entitled to judgment as a matter of law on Davis's overtime claim as pled because the claim is preempted by a federal law—section 301 of the Labor Management Relations Act. Section 301 says that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a).   The Supreme Court has recognized that Congress, in enacting section 301, intended for "doctrines of federal labor law uniformly to prevail over inconsistent local rules." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–10 (1985) (quoting *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962)). At the same time, however, the Supreme Court has emphasized that section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of

state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (collecting cases). The section, instead, preempts only state-law claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Searcy v. Smith*, 111 F.4th 111, 115 (D.C. Cir. 2024) (quoting *Lueck*, 471 U.S. at 220). The key question is therefore whether local law "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of [the plaintiff's] claim is inextricably intertwined with consideration of the terms of the labor contract." *Lueck*, 471 U.S. at 213; *see also Searcy*, 111 F.4th at 115.

Here, Davis has pled an overtime claim that arises from nonnegotiable state rights. He asserts Giant is violating the D.C. Minimum Wage Revision Act, which requires employers to pay an employee "not less than 1 1/2 times the regular rate at which the employee is employed" for hours worked "in excess of 40 hours" in a week. D.C. Code § 32-1003(c); *see also Bratton v. Starwood Hotels & Resorts Worldwide, Inc.*, 65 F. Supp. 3d 8, 14 (D.D.C. 2014) ("[W]here an employee's claim is 'based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers,' the policy considerations underlying the [Labor Management Relations Act] simply do not apply." (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988))). Giant argues that Davis's claim is nonetheless preempted because it is "inextricably intertwined" with a collective bargaining agreement ("CBA") between Giant and Davis's union. ECF No. 14-1 at 6–10. This is so, Giant says, because Davis's claim under D.C. law will require the court to determine his "regular rate" of pay, and the CBA has terms that speak to Davis's pay. *See id.* at 7–10; D.C. Code § 32-1003(c). For example, the CBA provides for $1.00–$3.00 per hour premiums for work on Sundays and overtime for work done during meal breaks. *See* ECF No. 14-2 ¶¶ 6.6, 6.10; *see also* ECF No. 14-1 at 3, 9–10. But "the bare fact that a

collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Searcy*, 111 F.4th at 115 (quoting *Livadas*, 512 U.S. at 124). Davis's claim does not turn on any disputed interpretation of these terms or argument that he was underpaid under the CBA. *See* ECF No. 17 at 7–8. And any questions about what terms of the CBA contribute to Davis's "regular rate" of pay under D.C. law are, well, questions of D.C. law; they are not the type of disputes about CBA interpretation that would preempt Davis's claim. *See Lingle*, 486 U.S. at 413 n.12 (explaining that "a state-law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement," in which case "federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted").

Giant therefore has not shown it is entitled to judgment on the pleadings on this claim.

## III. Conclusion

For these reasons, Giant's motion for judgment on the pleadings, ECF No. 14, is denied.

_____
AMIR H. ALI
United States District Judge

Date:   August 7, 2026

4